UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,   Crim. No. 21-236 (PAM/DTS)

Plaintiff,

v.   **MEMORANDUM AND ORDER**

Gregory Jones,

Defendant.
_____

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge David T. Schultz dated August 5, 2022.  (Docket No. 39.)  In the R&R, Magistrate Judge Schultz recommended denying Defendant Gregory Jones's Motion to Suppress.  Defendant filed timely objections to the R&R (Docket No. 40) and the Government responded to those objections.  (Docket No. 44.)  The matter is now ripe for this Court's review, which is de novo.  28 U.S.C. § 636(b)(1); D. Minn. L.R. 72.2(b).  For the following reasons, the Court adopts the R&R.

Jones challenges the search of a vehicle parked on the street across from his residence, the premises for which law enforcement had obtained a search warrant.  According to Jones, because the search warrant did not specifically describe the automobile, the search of that vehicle violated the Fourth Amendment.

There seems to be no dispute[1] that there was probable cause for the issuance of the warrant itself—law enforcement had reliable information, through a concerned citizen as

---

[1] Although Jones challenged probable cause before the Magistrate Judge, he did not reiterate that challenge in his objections to the R&R.  Because the Court reviews de novo

well as their own surveillance activities, that Jones and his wife were engaged in narcotics trafficking out of the address in the search warrant. There is likewise no dispute that law enforcement knew the vehicles Jones and his wife used—both the concerned citizen and law enforcement's investigation established that Jones used the searched vehicle and the vehicle was in fact registered to him at the searched premises. Moreover, law enforcement gained access to the vehicle using keys found in Jones's house.

Neither the affidavit for the warrant or the warrant itself, however, specifically described any of the vehicles law enforcement knew were associated with Jones and the premises. Rather, the warrant authorized the search of the house as well as "any vehicles, storage areas, outbuildings or garages associated to the address." (Gov't Ex. 1 at 7.) The essential question is whether the warrant's description was sufficiently particular to allow the search of a vehicle not parked on the premises itself. Jones also objects the "implicit" conclusion that the warrant and application "established a sufficient nexus between the vehicle and the criminal activity attributed to Mr. Jones." (Docket No. 40 at 2.)

The warrant application described the investigation into Jones and his wife, stating that the concerned citizen provided "specific details about the residence and vehicles associated with the location." (Gov't Ex. 1 at 2.) The affiant also averred that law enforcement had surveilled the premises and "observed several vehicles which register to Jones at that location." (Id.)   And the affidavit described other surveillance activity indicating that Jones and his wife were trafficking narcotics—including marijuana,

---

only those "portions of the [R&R] to which objection is made," 28 U.S.C. § 636(b)(1), the Court assumes that Jones has abandoned his probable-cause challenge.

cocaine, and fentanyl—out of the residence. (Id. at 2-3.) Finally, the affiant stated that, in her training and experience, individuals involved in the distribution of illegal narcotics often hide those "narcotics and/or firearms in vehicles and garages." (Id. at 4.) The affidavit provided sufficient nexus between vehicles at the address and the suspected criminal activity.

"The Fourth Amendment's particularity requirement is a standard of practical accuracy rather than a hypertechnical one." United States v. Maccani, --- F.4th ---, No. 21-2642, 2022 WL 4352161, at *3 (8th Cir. Sept. 20, 2022) (quotations and alteration omitted). The warrant's description of the property to be searched as including "any vehicles . . . associated to the address" (Gov't Ex. 1 at 7), was sufficiently specific to comply with the Fourth Amendment and allow the search of the vehicle parked across the street from the address.

Even if the warrant application was insufficiently particular, however, there is no question that the Leon good-faith exception applies here. United States v. Leon, 468 U.S. 897, 922-23 (1984). "Under the good-faith exception, evidence should be suppressed 'only if the affiant-officer could not have harbored an objectively reasonable belief in the existence of probable cause.'" United States v. Thompson, 976 F.3d 815, 821 (8th Cir. 2020) (quoting United States v. Gibson, 928 F.2d 250, 254 (8th Cir. 1991)). And "[i]n assessing the objective reasonableness of a police officer's execution of a warrant, we must look to the totality of the circumstances, including any information known to the officer but not presented to the issuing judge." United States v. Jackson, 784 F.3d 1227, 1231 (8th Cir. 2015).

The officer executing the warrant was the same officer who applied for the warrant, and this officer also had direct personal knowledge regarding the surveillance and investigation into Jones.  She knew that the vehicle parked across the street was registered to Jones.  Thus, Jones cannot establish the final element of the Leon good-faith inquiry: whether "the warrant is so facially deficient that the executing officer could not reasonably presume the warrant to be valid." United States v. Grant, 490 F.3d 627, 632 (8th Cir. 2007) (quotation and alteration omitted).  The executing officer here reasonably could have presumed the warrant to be valid, given what she knew about Jones's activities and the vehicles registered to him.

The R&R correctly concluded that the search of the vehicle did not run afoul of the Fourth Amendment.  Accordingly, **IT IS HEREBY ORDERED that**:

1. The Court **ADOPTS** the R&R (Docket No. 39); and

2. Defendant Gregory Jones's Motion to Suppress (Docket No. 23) is **DENIED**.

Dated: Tuesday, October 11, 2022

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge